## CIRCUIT COURT OF WISE COUNTY

Marie Waddle

v.

Debcon Coal, Inc.

October 15, 1984

By JUDGE M. M. LONG, JR.

The jury in this case returned a verdict in favor of the plaintiff against the defendant, Debcon Coal Company, and assessed her damages at $7,500.00. Thereafter Debcon Coal, Incorporated, by counsel moved the court to set aside the verdict on the ground that plaintiff failed to prove by a preponderance of the evidence that the fair market value of her property had diminished.

Plaintiff, owner of the lot and mobile home, testified that the value of her property prior to defendant's operation was $45,000.00 to $50,000.00 and thereafter $10,000.00 to $15,000.00.

The owner of property is competent to testify as to the value of his or her property.

> [I]t is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of such testimony is, of course, affected by his

knowledge of the value. 7 Michie's Jurisprudence, *Evidence*, Section 192, p. 601.

Defendant's motion is overruled.

Plaintiff filed a motion to set aside the verdict and to grant her a new trial on the sole issue of damages on the grounds that (1) there was error in failing to give Instruction 1 and (2) the verdict was grossly inadequate.

The jury was instructed that if they found for plaintiff in assessing damages they could consider the depreciation in value of plaintiff's property. Instruction 1 which was refused would have instructed the jury that they could also consider damages plaintiff suffered from being deprived of the comfortable enjoyment of her home and the inconvenience and discomfort suffered by her.

I am of opinion that Instruction 1 should have been given.

> Personal inconvenience, annoyance, and discomfort of an occupant of realty caused by a nuisance is a separate and distinct element of damage from that of depreciation in the value of realty. 58 Am. Jur. 2d, *Nuisance*, Section 12A, p. 693.

> A nuisance may diminish value of realty. The condition also may interfere with some right incident to the ownership or possession of real property. Such interference may be accomplished by substantially impairing the occupant's comfort, convenience and enjoyment of the property, causing a material disturbance or annoyance in the use of the realty. *National Energy Corporation* v. *O'Quinn*, 223 Va. 83, 85 (1982).

Plaintiff will be granted a new trial on the sole issue of damages.